And the first one is number 17-2384, Hillocks v. Attorney General, Mr. Yingling and Mr. Pennington via video. May it please the Court, Patrick Yingling for the petitioner, Dexter Hillocks. With the Court's permission, I'd like to reserve three minutes for rebuttal. Granted. Application of the categorical approach shows that the statute of conviction in this case, section 7512 of the Pennsylvania Crimes Code, is not a match with either of the generic offenses put forth by the government. And that's because those offenses require the involvement of a controlled substance, and a conviction under 7512 does not require the involvement of a controlled substance. What was the problem with the Board's use of the modified categorical approach? Well, the problem with the Board's use of the modified categorical approach is that we don't have a divisible statute here that would warrant application of the modified categorical approach. And that's because, importantly, the text... The statute is at least divisible into two parts, right? Our official position is that the statute is not divisible, and that the jury need only agree that a qualifying underlying felony occurred. But, even if the statute is divisible with two alternative elements, that being an underlying felony under the Pennsylvania Crimes Code, or an underlying felony under the Pennsylvania Drug Act, it still is overly broad and doesn't deserve application of the modified categorical approach. And that's pursuant to this court's case in Brown in 2014. And I think our analysis... But I wrote Brown, so there's going to be a problem. Big time. Okay, I... I'm just kidding. Oh, okay. I'm happy to hear that, Your Honor. Maybe. So I think our analysis should begin with the text of 7512. And, importantly, the text of 7512 does not expressly list all of the underlying felonies that the government claims constitutes alternative elements in this case. And that's important because... It does list quite a few felonies, doesn't it? Well, it lists two broad statutes which contain a number of felonies. That's true. Those statutes contain hundreds of different felonies here. But it's important here because controlling law holds that if a statute does not expressly list the alleged alternative elements, then the jury need not agree on those alternative elements. So what does the... What does the statute make punishable? What is the crime that is the focus of the statute? Right. So the crime is criminal use of a communication facility. It has three elements. That is, use of a communication facility, like a phone, to facilitate a felony, and the occurrence of an underlying felony under either of those two broad statutes. In terms of punishment, your argument would be you stop right there, is that... That's right, Your Honor. And I think that's pursuant to controlling case law from the Supreme Court in this Court that holds that if the statute does not expressly list further alternative elements or items, then those, in fact, are not alternative elements. And if the Court will allow me, I'll just briefly give you four cases that make this point. The Supreme Court in Viscounts in 2013 gave the example of a statute of conviction that required the use of a, quote, weapon. But because the statute did not expressly... It gave a different means to use a weapon. Right. So it used the term weapon, but because the statute did not expressly give all the different types of examples that would qualify as a weapon, the jury was not required to agree on the specific type of weapon, and there were not alternative elements in the case. And then further, in Mathis in 2016, the Court gave the example of a statute that required unlawful entry into a, quote, premises, but because the statute did not expressly list all the different premises that would qualify, the jury was not required to agree on the specific type of premises, and there were not alternative elements in the case. And then I think maybe most importantly is this Court's decision in Brown in 2014, where the statute of conviction involved a, quote, crime of violence, but because the statute did not expressly list all the different types of crime of violence, the jury was not required to agree on the specific crime of violence, and there were not alternative elements in the case. Now, the government stakes its case on a case called Singh from 2013, sorry, 2016 in this Court, which dealt with the statutory term controlled substance, and this Court held that all the different types of controlled substances were alternative elements in that case, but it's very important that the statute of conviction in Singh involved alternative elements solely because the identity of the controlled substance changed the possible range of penalties that could occur for that kind of conviction. I was on the panel in Singh. Right. And pursuant to Apprendi and Sixth Amendment jurisprudence, whenever that occurs, the jury must be unanimous on the identity in that situation. But here, we don't have an Apprendi issue. No matter what the underlying felony is with 7512, the penalty is always the same. And so at bottom, we have a rule that something is an alternative element only if it is expressly listed in the statute, unless we have a situation like Singh in which that particular something changes the range of penalties, in which case it must be an element. And I think that rule controls here and requires vacating the order of removal from Mr. Gillis. What if very specific drug offenses were enumerated in the statute? If that were the case, this would be a very different matter, and in fact, we wouldn't even be here. I think the government would be right. If all of these different specific felonies were listed in the statute, we would have a divisible statute with many different alternative elements. And different penalties, perhaps. If there were different penalties, absolutely. It would be compelled by Apprendi and Sixth Amendment jurisprudence. But importantly, that's not the case here with a 7512 conviction. In addition to the expressed language of the statute, I think the record of conviction here is important. And we're allowed to look at the record of conviction for the sole and limited purpose of determining what are elements and what are means. And when we look here, we see that the government didn't highlight one specific underlying felony to the exclusion of all others, as you would expect it to do if those were alternative elements in the case. And I think the original charging document doesn't provide us any guidance because 7512 wasn't in the original charging document. It wasn't until the plea hearing that the state prosecution added this amended charge of 7512. And then the prosecutor and, I'm sorry, Your Honor. I think all of your points so far, you have some force. But it does seem that the government's best point is, when we look at model jury instructions for this offense, that the offense of, and then the particular offense, must in fact have occurred. What do you make of the jury instructions here? Is that an indication that Pennsylvania law treats this as the particular offense as an element? I don't think it does, Your Honor. I think with those particular model jury instructions, there's nothing that prohibits the government from putting forth more than one underlying felony for the jury to consider. And when it does that, the jury need not agree on the identity of a specific felony. It just needs to agree more generally that a qualifying felony has occurred. And I think that's how this court treated very analogous model jury instructions for burglary in the Steiner case from, I believe that's 2017, where instead of crime, as in this situation, there was the word location in brackets. And the court held that there were not alternative elements with that particular crime and those particular model jury instructions. I'd also point to the Second Circuit's decision in Harbin, which is a very analogous case and involves the term controlled substance in bracket. The court held that there's nothing that prohibits the prosecution from putting forth more than one controlled substance and the jury considering more than one controlled substance, and thus there were not alternative elements in that case. And I think when we look at all of these, and back to the point of the record of conviction, there's a colloquy between the prosecution and the sentencing judge here that I think is very important. When the court, the common pleas court asks, what are the elements of criminal use of a communication facility? And this is on pages 32 and 33 of our opening brief. The prosecutor says, specifically in this case, the factual basis for the plea. The court says, no, the elements. Prosecutor, oh, would be that they use criminal facilities, which under the Crimes Code is a communication facility, and utilizing that communication facility to arrange some sort of criminal, some sort of crime, and the fact that the crime did occur. What would a jury consider in a case like this? The jury would be instructed to answer a question, whether the accused used a communication facility to commit crime, but yes or no. But before I get into the yes or no, the jury would have to be instructed on the various felonies that the defendant would be committing. Is that accurate? Right. The jury would have to agree that an underlying, that a qualifying felony had occurred. The jury would have to be instructed as to what a qualifying felony is, and I guess the grade of the offense. That's right. The jury would be instructed that a qualifying felony would be under either of these two statutes. The prosecution could put forth more than one underlying felony that would be possible. Now, the jury would not have to all agree on whether it was distribution of cocaine or distribution of heroin, as long as they all agreed that a qualifying felony occurred. The drug itself is not relevant. That's correct, Your Honor. Absolutely. So in our en banc decision in Rojas in 2013, we said that the categorical approach doesn't apply to determining whether a conviction fits into a law relating to a controlled substance under 237A2B1. Right. Is that still good law? I submit that it's not, Your Honor. Just that aspect of Rojas is no longer good law. The Supreme Court, a couple of years later, in a case called Mullooly, addressed this specific question with respect to the generic offense of a conviction relating to a controlled substance, and held that the categorical approach must be used in that circumstance. And then a year later, this court, I should say in an NPO, called Tukir, authored by Judge and what had happened in Mullooly and its abrogation of Rojas in that regard. In that particular case, the Board of Immigration Appeals hadn't yet had an opportunity to consider the change in the law, and so it was remanded. I submit to this court that the Board of Immigration Appeals had that opportunity here. They didn't get the law right, and now it's before this court to recognize the holding of Mullooly and the application of the categorical approach to this case. And when we apply the categorical approach, it's the same as with the aggravated felony analysis. We see that there is not a match in that regard. I see that my time is almost up. I would ask that the court grant the petition, reverse the judgment of the BIA, and vacate the order of removal. Thank you. Thank you. Mr. Pennington. Good morning. Greg Pennington on behalf of the Attorney General. Hang on for just one second. We're going to turn up the volume just a touch. Go ahead. Speak one more time. Good morning. Greg Pennington on behalf of the Attorney General. Is that loud enough? Yeah. Can you hear me? Yeah, we're fine. Go ahead. Thank you. A large part of the opening argument was focused on the lack of alternate punishments for the various felonies underlying this criminal use of a communication facility. But in Mathis, the Supreme Court just gave that as one example of identifying a divisible statute. But isn't the only really disjunctive language the use of the word or in 7512? That's correct. But disjunctive language, as Mathis recognized, isn't required to find a statute divisible. What the court is looking for is how the Pennsylvania courts treat the elements of the statute of conviction. And the Pennsylvania courts specifically hold that a prosecutor can't just walk into court and present the facts and then say, Okay, jury, if you find that any felony occurred through the use of a telephone or any other communication device, you can find the defendant guilty. Rather, a prosecutor has to prove a specific underlying felony beyond a reasonable doubt. That makes the specific underlying felony an element of the crime. And that makes the statute divisible. And the courts in Pennsylvania relied on this court's decision in Johnstone in 1986, kind of parsing the identical federal statute here, 843B. And this court held that the underlying felony under the Controlled Substance Act is an element of the offense because it has to be proven beyond a reasonable doubt. So the only way this court can apply the categorical approach is to know what that specific underlying felony is. And I would agree that if the record of conviction didn't identify that, if all we had was a judgment saying conviction for this offense, then we'd be done. But here, the record of conviction identifies the specific underlying felony to be delivery of heroin. So if we go your way, then we end up with a spectrum of possible offenses. I mean, literally, probably, certainly in the hundreds, if not the thousands, right? I would agree that it would cover pretty much any crime under Pennsylvania law. But then you just determine whether it's a match to a federal ground of removal. And here, the federal ground of removal is a clear cut one, 843B. It's clearly a crime, a felony, under the Controlled Substances Act to use a telephone to sell heroin. What is wrong about focusing on the first sentence of the statute, which is the use of a communication device to commit a felony? Isn't that what is punishable in this case? I mean, the punishment doesn't vary given the drug use. The punishment is the same no matter what, and it focuses on the use of a communications device. Right, but we still have to compare the elements of this crime. And the Pennsylvania courts tell us that the use of a communication device is only one element that the prosecutor has to prove beyond a reasonable doubt. They also have to prove the specific underlying felony. I think you are right that it doesn't have to be a different penalty. I think you're also right that it don't have to have expressed a chunk of language, though it's commonly there and very helpful. But what Pennsylvania authority actually establishes that the jury must agree on the particular underlying felony beyond a reasonable doubt? I don't think the jury instruction gets you there. What else do you have? The Pennsylvania cases that say that the jury has to prove the specific underlying felony, I think the jury instruction just reinforced that. I think the cases seem to speak to the jury has to find a specific underlying felony, but they don't say that they have to agree on the particular one. If five of them find one and seven find another, you don't have any authority that says that that's not allowed in Pennsylvania. I do not. I would only submit that the Pennsylvania decisions that I cited in my brief lead to a conclusion that in reviewing sufficiency of the evidence challenges, the appellate courts look to the specific underlying felony to see whether there was sufficient evidence presented to support a conviction. I would also submit that say a defendant used a telephone to call a minor and during that telephone conversation solicited sex from the minor and also solicited the sale of heroin to that minor. I would say that that would be two offenses under Pennsylvania law, and there could be two convictions for that one phone call. That's because the specific underlying felony has to be proven. Again, I don't have any cases that the jury has to agree unanimously, but if the state court cases say that this element has to be proven beyond a reasonable doubt, then that gets us over the divisibility hub to look at the record of conviction. I think that's the nub of the issue. You're not disputing the mens rea levels are different for drug trafficking crimes here, correct? Correct. I would say that the mens rea wasn't raised in the opening brief. All right. And you're not disputing here that the list of controlled substances are different, that Pennsylvania law allows convictions for non-controlled substances? None of that's in dispute here. You have to have this statute be fully divisible in order for you to win, right? Yes, Judge Bibas, that has to be divisible. I would say the statute is really overbroad. As the court already mentioned, it covers every crime under Pennsylvania law. Let's say it's divisible, as Judge Ambrose suggested, for those that are in the criminal codes title. Let's say it's divisible at least down to controlled substances. Walk us through the authorities that you think show us that in Pennsylvania, the jury must find the particular controlled substance offense and particular controlled substance beyond a reasonable doubt unanimously. That would take us to the second layer. If we get to the controlled substance offense, then this court has recognized that in seeing, as I cited also in Henderson, that the identity of the controlled substance is an element because under Pennsylvania law, there's different punishments for each controlled substance. So in Henderson, it was specifically heroin. But wait, different penalties for use of a communication device depending on which controlled substance? No. No, I think that's the inquiry here. So let's set aside. I don't think that the differing penalties is essential. Maybe my colleagues might disagree, even though it's probative. But what do you have that shows that the particular controlled substance... You were talking about Henderson. Would you like to explain? Well, Henderson would only apply if we get over the first divisibility hump. And as I stated, this is kind of a layered categorical approach. First, you have to find this communication device statute divisible into the specific underlying felony. Only then can you find that the specific underlying felony was delivery of heroin. Okay. So you need to cite us cases both that show that it's the particular controlled substance offense, not just a controlled substance offense. And also that within the particular controlled substance offense, it's the particular controlled substance. I don't know that you've persuaded me on either of them, but cite authorities that deal with both of those levels. Well, the seminal case in the Pennsylvania courts for the divisibility into the specific underlying felony is Commonwealth v. Moss. So that's the case that held that the specific underlying felony is an element of the crime that the prosecutors have to prove beyond a reasonable doubt. So that brings us into, well, what is the specific underlying felony? And that gets us to Pennsylvania's 113A30, which is the delivery manufacturer statute. So first of all, Moss is a Pennsylvania Superior Court decision, and I don't think it confronted this issue. It said the underlying felony occurred, but it didn't really turn on this issue. It's just laying out that the underlying felony occurred as an element. So I don't think it confronted this. It just said that, right, it didn't say the jury has to unanimously agree. It just says that the specific underlying felony in dismissing some constitutional challenges has to be proven beyond a reasonable doubt. And they also sustained some of the sufficiency challenges because they went through a thorough review of all the conversations that were made between the several co-defendants in that case and found that some of them only alleged general drug talk. So they couldn't show that an actual felony did in fact occur. But in cases where there was actual delivery of cocaine facilitated by the use of the telephone, they sustained the convictions. Okay, that goes to whether there was a felony or not at all. It doesn't go to really the specific felony point. Do you have any other authority on the felony A versus felony B point? No. All the cases that I cited just go to whether there was a specific felony that did in fact occur. Go to the next step, which is the controlled substance. Do you have any authority that says that controlled substance A rather than controlled substance B is required as proof for the communications offense or if you don't have that, then for other controlled substances offenses where it's not a varying punishment? Right. So if prosecutors just charged Mr. Hillicks with a regular 135PS113A30 charge, delivery of heroin, this court has repeatedly held that the identity of the controlled substance would be an element of that crime. And that's Singh, that's Henderson, and several unpublished opinions since then. So that's, again, it's the layered approach here. We have to first find that the specific underlying felony is an element and only then can you identify the specific underlying felony as 113A30. But Singh doesn't do it for you because in Singh we actually had differing punishments and here we don't have differing punishments. But Henderson? Henderson specifically dealt with delivery of heroin and the court found that other cases were not distinguishable because in addition to cocaine and Singh, heroin is under a separate subsection in the controlled substance schedules. Okay, so there it's enough that it was in a separate subsection of the controlled substance schedule you're saying? That's correct and that's what this court has held with pretty much every Pennsylvania controlled substance statute that's come before it. So that gets us to know that Mr. Phillips was convicted of using a communication device to facilitate the sale or delivery of heroin. That's a felony under the Controlled Substances Act, 843B, and that would make it an aggravated felony under the hypothetical federal felony test. Just so I can understand you, your view is that if this case were to go to trial, it would be the government's burden to prove that a specific drug was used and to prove that beyond a reasonable doubt and the jury would have to so find, is that accurate? That's what the Pennsylvania court seemed to indicate is that because it has to be proven, because the specific underlying felony has to be proven beyond a reasonable doubt, I would submit that the prosecutor can't just go in and say, okay, here's the facts. All you have to do is find that he used a telephone to do any felony. I would say that the prosecutor, according to these Pennsylvania cases, would have to prove beyond a reasonable doubt that Mr. Phillips used a telephone to sell heroin. It is true, sir, however, that the penalty itself would not vary depending on the drug used or the amount of the drug. That's correct. But the same is kind of the case for conspiracy, general conspiracy statutes. The range of penalties is the same when you're convicted for conspiracy no matter what the conspiracy to do was. So even under the federal conspiracy statute, the range of penalties would be the same no matter whether you conspire to embezzle or conspire to commit wire fraud. So I would say that even those conspiracy statutes would be divisible because you have to look to what that specific felony that a person conspired to do or here used a telephone to facilitate. So your view is that the drugs and drug quantity are elements of the offense as opposed to means to commit the offense of use of a communications device. Is that accurate? They are elements of the specific underlying felony in this case. So most of the Pennsylvania cases deal with the use of computers to disseminate child pornography or solicit sex with minors. There's not a whole lot of drug cases, but all those cases hold that the specific felony is an element of the crime. And before I run out of time, I would just briefly talk about the relating to a controlled substance charge of removability. The most straightforward end to this petition could be the court to find that that issue was unexhausted. It wasn't raised at all in the brief to the board. But Lynn, our president, says it's enough that the board address it. I would say that the board here explicitly found it waived. The board in its decision says that Mr. Hillis did not challenge the ground of removability relating to a controlled substance. And in just a one sentence throwaway said, we find no error. And even if you look to his first appellate brief to the board, when the board remanded to the immigration judge, even when he was represented by counsel or a reputable individual, he still did not challenge that. So it's never been put at issue before the agency. And I would say the court should find it exhausted and dismiss that dispositive portion of the petition, which would independently establish his removability. And I see my time's up, if there's nothing further. Thank you very much, Mr. Pennington. Thank you. Mr. Hillis, maybe we can start with what we've just left off. Is what was said, if anything, with respect to controlled substances in the proceeding before the IJ and the BIA? Right. So, Judge Bevis made the point regarding when and the fact that the BIA expressly addressed this. According to controlling precedent... But what the BIA wrote, it was not persuaded that the immigration judge erred in his conclusion that the conviction for criminal use of a communication facility, well, I guess, made him removable under 237A, 2B. So, is that enough? It is enough, because under this court's precedence, the BIA's consideration of the issue needn't be elaborate for the issue to be viable. Quote, an initial and plain statement regarding its agreement with the IJ's conclusion is sufficient. Comes from Lynn and another case from this court, Ramirez, from 2015. I'd say second, apart from the BIA's consideration, Mr. Hillis satisfied the liberal standard that goes for pro se parties in immigration cases here. He explicitly requested that the BIA consider his brief in a liberal manner, because he was a pro se party. He asked that his removal order be vacated in its entirety, which encompasses this argument, and presumably, that's why the BIA found the need to address this argument when it did so. If I can, opposing counsel made some remarks regarding Henderson. I think Henderson fits simply in the same category as Singh here, in that the statute there involved different punishments depending on the controlled substance involved. And therefore, it had to be alternative elements, which is much different in the situation here. And even if it's not the case, even if we could get over that barrier, we have a totally different statute here with, as it became apparent, there are no Pennsylvania authorities saying that there are hundreds of different alternative elements when it comes to this particular issue. Also, there's an alternative argument, and that is, even if this court were to find that Mr. Hillis' conviction necessarily involved a controlled substance, we still have a problem of 75-12 not being a perfect match with the hypothetical. Right, because of the scienter requirement. For 75-12, you need to act recklessly. For 843-B, you need to act with knowledge. Plenty of authority from this court saying that when you have that kind of differentiation, you can't have a categorical match. Thank you very much. I understand that your firm took this matter pro bono. That's right. You have all of our thanks for taking the matter on. Very well argued on both sides. Very well briefed on both sides. It's a privilege having all of you before us. Thank you very much.